## The People of the State of Illinois, Defendant in Error, v. Thomas Clark Haws, Plaintiff in Error.

### Gen. No. 5,628.

1. CRIMINAL LAW—*cross-examination of witnesses.* On prosecution for assault with a deadly weapon, on cross-examination of one of defendant's character witnesses, questions by the state's attorney as to whether witness had heard anybody say that the defendant had trouble with his hired man, which usually arose because of intimacy with the hired man's wife, are highly improper and if persistently repeated might reverse if the defendant's guilt is not clear, but the mere asking thereof should not reverse where the defendant's guilt is clear.

2. ASSAULT WITH DEADLY WEAPON—*when jury fully instructed as to law of self-defense.* The jury is fairly instructed on the law of self-defense where the basis of defendant's contention as to why such instructions should be given is brought to the jury's attention, and where several other instructions are given which fully set forth the law applicable thereto.

3. CRIMINAL LAW—*instructions.* It is not prejudicial error to refuse instructions, the principles of which are covered by those given.

4. ASSAULT WITH DEADLY WEAPON—*when finding of guilty warranted.* On prosecution for assault·with a deadly weapon, a verdict of guilty is warranted where the testimony for the people clearly shows that defendant broke a sugar bowl over the head of the prosecuting witness, when he stooped over to pick up some wood, and then fired two shots at him, and no evidence in opposition thereto is offered except that the defendant has a good general reputation as a peaceable citizen.

5. ASSAULT WITH DEADLY WEAPON—*intent.* The intent of an assault with a deadly weapon is for the jury to determine from the circumstances shown by the evidence.

Prosecution for assault with deadly weapon. Error to the Circuit Court of Putnam county; the Hon. THOMAS N. GREEN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

BARNES & MAGOON, for plaintiff in error.

J. E. TAYLOR, for defendant in error; WINSLOW EWANS, of counsel.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Plaintiff in error was indicted for an assault with a deadly weapon upon one Vincent Peradoto, found guilty under the first count only of the indictment, and duly filed. From the judgment of the trial court the cause is brought before this court on writ of error, and upon three points only is it urged that the judgment ought to be reversed, viz: (1) The improper conduct of the State's Attorney; (2) the refusal of the court to instruct the jury as to the law of self defense; (3) that the testimony does not support the verdict.

The State's Attorney on cross-examination of one of the character witnesses offered by defendant below asked him if he had ever heard anybody in that community say that the defendant had trouble with

his hired man, and that the trouble usually arose through his being too intimate with the hired man's wife. To this and to two other similar questions the court sustained an objection, and while the State's Attorney in his argument contends he was acting in good faith and within the legitimate realm of cross-examination, still it is not a question of the good faith of the State's Attorney, but of the effect on the jury of such questions. These questions were highly improper, and if this were not a clear case as to whether the defendant was guilty, the persistent putting of such questions might be reversible error.

In this case there is no doubt of defendant's guilt as hereafter stated, and the mere asking of these questions, which the court did not permit to be answered, should not work a reversal.

The jury was fairly instructed on the law of self defense. They were told by an instruction given apparently at the request of the People how they should consider the testimony of the sheriff, who related to them what plaintiff in error had said about the trouble. That instruction is as follows:

"You are instructed that where the verbal admission of a person charged with crime is offered in evidence, the whole of the admission must be taken together; as well that part which makes for the accused, as that which may make against him, and if the part of the statement which is in favor of the defendant is not disproved, and is not apparently improbable or untrue when considered with all the other evidence in the case, then such part of the statement is entitled to as much consideration from the jury as any other part of the statement."

Thus, it will be seen that the very basis of what plaintiff in error contends is the reason why the jury should be instructed on the law of self defense, was brought to the attention of the jury by this instruction.

This court cannot see that any evidence of self defense was offered, but even if the evidence of this

admission, taken as a whole would bear that inter-
pretation, the jury were fully instructed as to the law
of self defense.

A part of the instructions given at the request of
plaintiff in error were as follows:

(35) "The jury are instructed that if they believe
from the evidence in the case that there is a reason-
able doubt as to whether the prisoner at the time of the
shooting, was under reasonable apprehension that the
prosecuting witness intended to inflict upon him great
bodily harm, and that he fired the shot in self defense
as explained in these instructions, then the jury must
acquit."

(36) "The jury are instructed further that under
the laws of this state a person has the right to resist
an unlawful attack, or threatened attack if proven,
by force, and if it be necessary to preserve the life
of the person assailed, or to prevent great bodily
harm from coming to him, the repelling force may go
to the extent of shooting the assailant."

(37) "The court instructs the jury that the law is,
that if a person is threatened with an assault in such
way as to induce in him a reasonable belief that he
is in actual danger of losing his life, or of suffering
great bodily harm, he will be justified in defending
himself, although the danger is not real, but only ap-
parent, such a person will not be held responsible crim-
inally if he acts in self defense upon real and honest
motives as to the character of the danger induced
by reasonable evidence although he may be mistaken
as to the actual danger."

(38) "The jury are further charged that a person
need not be in actual or imminent peril of his life or
great bodily harm before he may slay his assailant.
It is sufficient if in good faith he has a reasonable
belief from facts as they appear to him at the time
that he is in such imminent peril, if such facts would
arouse a similar belief in the mind of a reasonable
person."

(39) "The jury are further charged that the law is
that where a man is in the lawful pursuit of his busi-
ness and is threatened with attack, and from the na-

ture of the threatened attack, if proven, there is reasonable ground to believe that there is a design to take his life, or to do him great bodily harm, and the party threatened with such attack, if proven, does so believe, then the shooting of the assailant under such circumstances will be excusable or justifiable in law, although it should afterward appear that no injury was intended and no real danger existed as to the party doing the shooting.''

The refused instructions on the same subject were all repetitions in different form of the instructions on the law of self defense given at the request of plaintiff in error.

It is well settled law that where instructions have been asked and given upon a given question, it is no error to refuse another instruction upon the same question; and if the instructions refused in so far as they announce correct principles of law are covered by the instructions given, it is not prejudicial error to refuse them. Chicago City Ry. Co. v. Schmidt, 217 Ill. 396; Hanchett v. Haas, 219 Ill. 546.

The testimony introduced by the People proves clearly that Peradoto was an employee on the farm of plaintiff in error, and lived in plaintiff in error's house, the latter reserving one room for himself; that Pera doto one morning near the close of the time of his employment, brought into the kitchen some kindling to make a fire, and dropped some of it, and stooped down to pick it up, when plaintiff in error broke a sugar bowl over Peradoto's head and then fired two shots at him from his revolver.

Plaintiff in error offered no evidence in opposition thereto; his guilt therefore was clearly established. The wife and children of Peradoto came down stairs immediately after the beginning of the tumult, and it is possible that in their testimony they did not each describe what occurred in exactly the same way, but no one of them gave any testimony tending to free plaintiff in error from the charge. The only proof offered by plaintiff in error was that his general

reputation was good as a peaceable and law-abiding citizen.

A man with a good reputation as a peaceable and law-abiding citizen may be guilty of such an assault as is alleged in the first count of this indictment. It was for the jury to pass upon the question of fact before them, and the fact of the assault not being denied, and the circumstances under which it was committed fully appearing before the jury, they were justified in arriving at the conclusion that plaintiff in error was guilty.

If the circumstances detailed by the witnesses for the People are true, they show an unprovoked assault with a revolver upon Peradoto, and the intent of the assault was a question for the jury to determine under those circumstances as shown by the evidence.

It is not seen how the verdict could have been different and the trial court committed no error in sentencing plaintiff in error pursuant to the verdict. Judgment affirmed.

*Affirmed.*