300

## People of the State of Illinois, Appellee, v. James G. Reynolds, Appellant.

Heard in this court at the February term, 1944. Opinion filed February 28, 1944. Rehearing denied May 23, 1944.

W. D. LYERLE, of Jonesboro, and ISAAC K. LEVY, of Murphysboro, for appellant.

RUSSELL E. TOWNSEND, of Jonesboro, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.
James G. Reynolds, defendant appellant, hereinafter designated as defendant, was indicted by the °grand jury of Union county upon a charge of having committed an unlawful assault with a deadly weapon on the person of one Michael Van Amburg, with intent then and there to inflict upon the said Michael Van Amburg a bodily injury, no considerable provocation then and there appearing. This indictment was certified to the county court of Union county, where defendant, waiving trial by jury was tried by the court. Defend-

ant was found guilty, and the court assessed a fine of fifty dollars against him, from which judgment, defendant prosecutes his appeal to this court.

It appears from the record, that on the morning of November 4, 1942, at about 10 o'clock, the prosecuting witness, Michael Van Amburg, with an employee, Frank Brown, was unloading a truckload of gravel in a mudhole in a road, near Reynoldsville. Defendant drove up in his truck and when he came to where the Van Amburg truck was parked in the road, he stopped a short distance away, and got out of his truck.

When the prosecuting witness, who at that time was scattering gravel about three feet north of his own truck, saw defendant, he put down his shovel, and walked around his truck toward defendant. At that time, he remarked to the witness Brown, "If we have a fight this is my fight; you stay out of it." It appears that defendant and the prosecuting witness had been involved in a law suit over the road on which this trouble occurred, and that the Supreme Court had decided the case adversely to defendant. Van Amburg testified that when he approached defendant he said, "Good morning, Mr. Reynolds; do you want by?" that defendant cursed him, and pointing a revolver at him, said that he was going to shoot his "son of a bitching guts out," that the prosecuting witness then said to defendant, "You're too god-damned yellow," whereupon defendant hit him on the shoulder and over the head with the barrel of the revolver. Van Amburg claims that defendant continued to beat him over the head with the revolver, that he hit defendant with his fist, grabbing defendant, and that they then both fell down. As a result Van Amburg testified that he sustained five gashes and had twelve stitches taken by a doctor at Anna. Van Amburg is corroborated in the main by the witness, Frank Brown.

Defendant testified in substance, that he had driven up to the place in the road where the trouble took place,

for the purpose of looking at a wheat field, that he did not know that Van Amburg was there, that prosecuting witness approached him with his fist clenched and in a hurry, that the prosecuting witness said to him, "I am on my fifteen feet of the road," and defendant replied, "That is all right, stay there," whereupon the prosecuting witness continued to advance toward defendant, cursing him, and as he advanced, defendant picked up a revolver on the seat of 'the truck, and after Van Amburg struck him with his fist, defendant struck him on the head with the revolver. Defendant's claim was, that he would not have struck Van Amburg if he had not have struck him first, and that he struck him defending himself.

The first error assigned, and the one most strongly relied upon for a reversal of the judgment is that the People wholly failed to prove that the alleged assault was committed in Union county, the venue laid in the indictment. The prosecuting witness, when asked where he was at the time of the trouble, testified that he was in Reynoldsville, on the° road running to his farm, and that Reynoldsville is in Union county in the State of Illinois. The witness Brown testified that at the time in question, he and Van Amburg were working about a fourth of a mile from Reynoldsville. Proof of venue may be made by circumstantial evidence. It is sufficient if the evidence as a whole leaves no reasonable doubt that the act upon which the indictment is based was committed at the place laid in the indictment. *People v. Golub,* 333 Ill. 554, citing *People v. Talbe,* 321 Ill. 80; *People v. Ortiz,* 320 Ill. 205; *People v. Shaw,* 300 Ill. 451; *People v. Allegretti,* 291 Ill. 364; *Weinberg v. People,* 208 Ill. 15; *Porter v. People,* 158 Ill. 370.

It·is not necessary that someone testify, in so many words, to the place where the offense was committed, but it is sufficient if the evidence as a whole, leaves no reasonable doubt as to the act upon which the indict-

ment is based having been committed at the place alleged in the indictment. *Weinberg v. People, supra; Porter v. People, supra.* The venue is proved if there is evidence from which it can be inferred that the crime was committed within the jurisdiction where the prosecution takes place. *People v. McIntosh,* 242 Ill. 602; *Cornshock v. People,* 56 Ill. App. 467. Even assuming that there was a question as to whether the offense was committed within the limits of Reynoldsville, or a quarter of a mile outside the limits, the court might take judicial notice of the boundaries of counties, *Ross v. Reddick,* 2 Ill. (1 Scam.) 73; *Burns v. Curran,* 282 Ill. 476; *Cornshock v. People, supra.* We believe that the venue was sufficiently shown.

It is contended on behalf of defendant that the trial court erred in finding defendant guilty for the reason that the evidence failed to prove beyond a reasonable doubt that the assault was committed by defendant with intent to inflict upon the person of the prosecuting witness, a bodily injury. It is not necessary to a conviction in this character of case that an express intention be proved, and it has been uniformly held that the intent may be inferred from the acts of the person charged as well as by acts or declaration. *People v. Yuskauskas,* 268 Ill. 328; *Dahlberg v. People,* 225 Ill. 485; *McCoy v. People,* 175 Ill. 224; *Crosby v. People,* 137 Ill. 325. The intent is a question of fact to be determined from the circumstances shown by the evidence. *People v. Haws,* 175 Ill. App. 296.

It is also contended that the court erred in finding defendant guilty, for the reason that the evidence failed to prove beyond a reasonable doubt that defendant unlawfully made an assault upon the prosecuting witness, with the intent then and there to inflict upon the person of said prosecuting witness a bodily injury, when there was no considerable provocation was a question of fact under all the evidence, *Ruble v. People,* 67 Ill. 438; *Connaghan v. People,* 88 Ill. 460. The

question of whether or not this revolver, used in the manner shown by the record, was a deadly weapon was also a question of fact. *People v. Dwyer,* 324 Ill. 363.

Much of the argument of counsel for defendant is devoted to the proposition that defendant was a man 73 years of age, crippled with arthritis in his hand, rheumatism in his shoulder and suffering with prostate trouble, while the prosecuting witness was 43 years of age. The court, acting as a trier of fact, without a jury saw and heard the witnesses and had therefore advantages which an appellate tribunal does not possess in judging of the weight to be given to the testimony of witnesses when there appears to be a conflict therein. *City of Quincy v. Kemper,* 304 Ill. 303. The court was justified on the record in believing from the testimony of all the witnesses, including the defendant, that he, the defendant did not permit either his age, or his physical infirmities to hamper him in this roadside dispute.

The testimony of the prosecuting witness is to the effect that he was assaulted and struck on the head by defendant, with the barrel of defendant's revolver, in which he is corroborated in the main by the witness Brown. The statement of defendant that the prosecuting witness struck the first blow, and that he acted in necessary self defense, stands alone and uncorroborated.

As evidenced by his judgment, the trial court was satisfied beyond a reasonable doubt of the guilt of the defendant, and this court will not substitute its opinion for that of the trial court, who saw and heard the witnesses on the witness stand.

We cannot say, after a careful consideration of all the evidence that the judgment of the trial court was manifestly wrong. We find no reversible error in the record and the judgment of the lower court will be affirmed.

*Affirmed.*