People of State of Illinois, Defendant in Error, v. Raymond Varner, Plaintiff in Error.

Gen. No. 10,682.

Opinion filed September 22, 1953. Released for publication October 9, 1953.

O'BRIEN & O'BRIEN, of Galesburg, for plaintiff in error.

WILLIAM H. SMALL, State's Attorney of Knox County, of Galesburg, for defendant in error.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On October 8, 1952, plaintiff in error, Raymond Varner, plead guilty to an information filed against him in the county court of Knox county, charging him with the crime of aggravated assault. The same day, upon his motion, he was admitted to probation for a period of one year. The order admitting him to probation

provided, among other things, that he should not, during the term of his probation, violate any criminal law of the State of Illinois or any ordinance of any municipality; that he should not leave the State of Illinois without the consent of the court; that he should report to the sheriff of said county as often as the sheriff or court should require and should appear in court at such time as the court may direct.

On February 3, 1953, upon an oral motion of the State's Attorney, an attachment was issued and an order entered requiring the defendant to show cause why he should not be sentenced upon his original plea of guilty, for violation of his probation. In obedience to that order an attachment writ issued and defendant and his attorney appeared in court and on February 6, 1953, a hearing was had resulting in a judgment sentencing the defendant to the Illinois State Farm at Vandalia for a term of one year or until discharged by due process of law. To reverse that judgment the defendant has brought the record to this court for review by writ of error.

Counsel for plaintiff in error (hereinafter referred to as the defendant) state that the record does not show that the oral motion of the State's Attorney, to revoke the order admitting defendant to probation, apprised the defendant of the reason why he was brought into court or inform him of the manner in which he had violated the terms of his probation nor does the record show any formal report of the probation officer and therefore, argue counsel, the trial court was without authority to enter any order requiring the defendant to show cause why he should not be sentenced for violating the conditions of his probation.

The vital question before this court for determination insist counsel for defendant, is not whether the conduct of the defendant, as shown by the evidence,

245

was sufficient to warrant an order revoking the previous order admitting the defendant to probation but whether the defendant was legally charged in the lower court with the violation of his probation. In support of this contention counsel cite and rely upon *People v. Enright*, 332 Ill. App. 655 and *People v. Warren*, 314 Ill. App. 198.

These cases do not sustain defendant's contention. Neither case is reported in full in our reports but what the court held in the *Warren* case was that a summary revocation of the order admitting a defendant to probation, *without a hearing*, was not a compliance with the provisions of the statute. In the *Enright* case it was also held that a person who has been placed on probation is entitled to a hearing according to well recognized and established procedure in order to determine whether or not the defendant has complied with the conditions of his probation.

As pointed out in *People v. Burrell*, 334 Ill. App. 253, 257, there is no express provision in the Probation Act for a hearing or a method of procedure. Section 6 of the Act (Ill. Rev. St. 1951, chap. 38, par. 789 [Jones Ill. Stats. Ann. 37.776]) authorized the court at any time during the period of probation, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, to revoke and terminate the same and issue a warrant for the arrest of the probationer. The Act then provides that upon the probationer being brought before the court for violation of his probation, the court may enter a rule upon the probationer to show cause why his probation should not be terminated and judgment entered and sentence imposed upon the original conviction.

In the instant case the record shows that the State's Attorney on February 3, 1953, moved the court for the

246

defendant to show cause why he should not be sentenced for violation of his probation; that the motion was heard and granted and an order entered directing that a writ of attachment be issued to the sheriff of Knox county to take defendant and bring him into court at once; that in obedience to this order an attachment writ was issued on February 3, 1953 which authorized the sheriff to have the body of defendant forthwith before the county court of Knox county to answer the People of the State of Illinois and "show cause why he should not be sentenced for violation of probation." The return on this writ discloses that it was served on February 6, 1953 and that the sheriff had the body of defendant and brought him before the court that day. The record further discloses that on that day the defendant was present in court and attended by his attorney and a hearing was had at which Ruth Varner, the former wife of the defendant, testified and was examined by the State's Attorney and cross-examined by the attorney representing the defendant, Mr. O'Brien. Richard Lee Guenther, also testified and was likewise examined by the State's Attorney and cross-examined by Mr. O'Brien. The defendant then testified in his own behalf and his direct examination was conducted by Mr. O'Brien, his attorney, and he was cross-examined by the State's Attorney. William Varner, the father of the defendant, also testified in his behalf, his direct examination being conducted by Mr. O'Brien. At the conclusion of his direct examination the State's Attorney stated to the court that he did not desire to cross-examine this witness and thereupon the court directed several questions to him. At no time did defendant or his counsel object to the court proceeding with the hearing nor intimate to the court that he was objecting to the court proceeding because no written motion had been filed by the State's Attorney or that

247

the defendant was not advised of the charge he was called upon to meet. On the contrary defendant submitted himself to the jurisdiction of the court, cross-examined the witnesses appearing against him and testified in his own behalf and produced his father as a witness in endeavoring to show cause why his probation should not be revoked. He was at all times represented by counsel of his own choosing and no complaint was ever made in the trial court by defendant or by his counsel‛ that defendant was not aware of the charges he was called upon to defend against.

 The statute does not require the filing of a written petition to show cause either by the State's Attorney or by the probation officer before a writ of attachment or a warrant for defendant's apprehension may issue. Had defendant so moved the court undoubtedly would have ruled the State's Attorney to formally set forth the violation of the conditions of defendant's probation which defendant was required to meet and the better practice would be for the State's Attorney to file such a petition in the first instance. By answering the charges thus made the court would have presented to it the issues it was called upon to determine but here the attachment writ advised defendant that he was being taken into custody and required to show cause why he should not be sentenced for violating the order admitting him to probation. In our opinion there is no merit in this contention of defendant nor in his argument that the court acted arbitrarily and abused its discretion in imposing a sentence of one year and committing defendant to the Illinois State Farm.

██ The evidence is that defendant came to the home of his former wife on the evening of February 2, 1953, provoked a discussion regarding the two children whose custody had been granted his wife by the decree

248

of divorce theretofore granted the wife. He took the children from his wife's home and placed them in his automobile, returned to the house, locked the door and knocked his wife down. On another occasion, a couple of weeks before February 2nd, 1953, at the home of his parents, he grabbed his wife by the hair and threw her to the floor. We have read the record and the evidence abundantly sustains the finding and judgment of the trial court.

██ ██ The offense charged in the information to which defendant plead guilty on October 8, 1952 and for which he was sentenced to the Illinois State Farm on February 6, 1953 was an aggravated assault and battery upon his former wife committed by him on October 4, 1952, resulting in Mrs. Varner suffering a broken jaw. An aggravated assault and battery is defined as the unlawful and violent beating of another which results in severe personal injury (Ill. Rev. St. 1951, chap. 38, sec. 56a [Jones Ill. Stats. Ann. 37.032 (a)]) and the punishment to be inflicted is a fine of not less than $3 nor more than $100 or imprisonment in the county jail for not more than one year, or both. (Ill. Rev. St. 1951, chap. 38, sec. 57 [Jones Ill. Stats. Ann. 37.033].) Under the provisions of the Illinois State Farm Act (Ill. Rev. St. 1951, chap. 118, par. 2, sec. 15 [Jones Ill. Stats. Ann. 99.105]) the court in its discretion, was authorized to commit the defendant in this case to the Illinois State Farm. The punishment imposed was within the limits of the statute and was authorized by law and therefore cannot be said to be disproportionate to the nature of the offense (*People v. Cary,* 321 Ill. 45, 46; *People v. Brickey,* 396 Ill. 140, 144; *People v. Illinois State Reformatory,* 148 Ill. 413, 421–422). The trial court did not err in imposing the sentence it did.

There is no reversible error in this record and the judgment of the county court of Knox county is affirmed.

*Judgment affirmed.*