**The People of the State of Illinois, Plaintiff-Appellee, v. Clidell Stevenson, Defendant-Appellant.**

**Gen. No. 11,381.**

Second District, First Division.

September 29, 1960.

145

Samuel L. Dean, Jr., of Rockford, for appellant.

John B. Anderson, State's Attorney, and Bernard F. Healy, Jr., Assistant State's Attorney, of Rockford, for appellee.

McNEAL, P. J.

An information was filed in the County Court of Winnebago County, charging that the defendant,

Clidell Stevenson, made an assault with a deadly weapon, to-wit: a shotgun, in and upon Roscoe Thomas with the intent of inflicting upon Roscoe Thomas a bodily injury, no considerable provocation for such assault then and there appearing and the circumstances of such assault showing an abandoned and malignant heart. Defendant entered a plea of not guilty, but a jury returned a verdict finding him guilty as charged and fixing his punishment at 365 days' imprisonment. Defendant's motion for a new trial and his petition for release on probation were denied. The court entered judgment on the verdict and sentenced defendant to confinement at the Illinois State Farm for a period of one year. This appeal followed.

The record shows that on November 27, 1958, at about 12:30 A.M., defendant was in the basement of Roscoe Thomas' house in Rockford, playing "coon can card" with Robert Bell. Bell's brother-in-law, Nathaniel Joseph, came in and according to defendant, started "signifying" to Bell. Defendant and Joseph argued about the latter's signals to Bell and other matters for ten or fifteen minutes. Joseph testified that during the argument defendant said something about killing him. Defendant then left the basement and went outdoors to his car. He got a 12-gauge shotgun out of the trunk of the car, loaded the gun, and carried it to the front door of the house. Thomas learned that defendant had gone to get a gun and met him at the door. Through the screen Thomas told defendant to "take that thing home and you won't get in any trouble." When Thomas refused to let defendant into the house with the gun, defendant said "I am coming in." He backed up and raised the gun. Thomas was so afraid, he shut the door in defendant's face. A second later the gun was discharged. The shot went through the screen and the door and lodged in a foot rest in the house. Defendant said he was eight to ten

feet from the door when he fired the shot, but that he "didn't shoot at nobody and didn't threaten nobody."

Defendant testified that he shot the gun only once, but other witnesses said more shots were fired. Wesley Hubbard, who was sitting in a chair near the door damaged by the shot, never moved out of his chair until sometime after the shot was fired. He testified that there were two more shots. Nathaniel Joseph, who was in the basement, said that after the first shot everybody was running over one another. He went upstairs and out the back door and crawled around the house on his hands and knees. Joseph saw defendant shoot three or four shots.

After the shooting Stevenson left the premises. A couple of days later he offered to repair the damage done to the doors. Joseph immediately swore out a complaint against Stevenson for assault with a deadly weapon, and shortly thereafter another complaint was filed against Stevenson for the same offense against Thomas.

The sufficiency of the information filed against defendant is not questioned and there is no complaint of any error in connection with the trial of the case or instruction of the jury. Defendant's theory on appeal is that the verdict is not supported by the evidence and that the punishment imposed by the jury is excessive.

Counsel for appellant contends that since the argument was with Joseph, if defendant intended to injure anyone, it was Joseph, and that defendant had no trouble with and no intent to injure Thomas. In support of this contention counsel refers to The People v. Stoyan, 280 Ill. 300, 117 N. E. 464. In that case the information charged that defendant made an assault with a deadly weapon on John Stoyan with intent to injure Thomas Korshak. The Court said that it must be assumed that the Stoyan allegedly assaulted was

148

a different person than the defendant, although bearing the same name. The Court held the information wholly insufficient and reversed the conviction entered on defendant's plea of guilty. The decision in the Stoyan case is not applicable here because the information filed against Stevenson charged that defendant made an assault upon Roscoe Thomas with intent to inflict bodily injury on Roscoe Thomas.

██ The facts appearing in the record clearly show that Stevenson got a shotgun out of the trunk of his car, loaded the gun, and when Thomas refused to let him come in the house, defendant raised the gun toward the doorway where Thomas was standing and fired the gun. Thomas' refusal to let defendant enter the house with the shotgun in his hands was no considerable provocation for defendant's actions. The bare fact, unexplained, that the defendant, without any excuse therefor, in a time of peace and when menaced with no danger either to his person or property, was armed with a dangerous and deadly weapon, of itself was a strong circumstance from which the jury might be justified in finding that defendant was actuated by premeditated malice. Steffy v. The People, 130 Ill. 98, 101, 22 N. E. 861.

██ The questions pertaining to defendant's intent at the time he fired the gun and to the credibility of his testimony that he "didn't shoot at nobody and didn't threaten nobody" and that he fired only once, were matters for the jury to determine. In determining whether or not defendant intended to inflict bodily injury on Thomas when he fired the gun, the jury may have concluded that defendant's testimony had been impeached by the testimony of other witnesses that more than one shot was fired, and that his inference that he did not intend to shoot Thomas was incredible. Also, the jury may have considered the circumstance of Thomas' refusal to permit defendant to enter the

149

house immediately before he fired the shot and his knowledge that Thomas was at the doorway when defendant fired the shot into the door. Under the circumstances surrounding defendant's acts, the jury was justified in concluding that defendant intended to injure Thomas when he assaulted him with the gun. People v. Reynolds, 322 Ill. App. 300, 303, 54 N.E.2d 850.

██ The rule is well settled that the credibility of witnesses and the weight of evidence are questions best determined by the jurors who are in a position to see and hear the witnesses and to observe their demeanor while testifying. We will not disturb a verdict of guilty on the ground that the evidence is not sufficient unless it is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify the court in entertaining a reasonable doubt of the defendant's guilt. The People v. Woodruff, 9 Ill.2d 429, 434, 137 N.E.2d 809; Gainey v. The People, 97 Ill. 270, 275. After carefully considering all the evidence shown by the record in this case, we are unable to say that we have any reasonable doubt of defendant's guilt.

 Having found the defendant guilty of assault with a deadly weapon, it was for the jury to fix the time of his confinement (People v. Moore, 324 Ill. App. 109, 115, 57 N.E.2d 511), and the trial court was required to sentence defendant in accordance with the punishment fixed by the jury. People v. Koning, 18 Ill.App.2d 119, 127, 151 N.E.2d 103. This Court has also held that where the punishment imposed was within the statutory limits and was authorized by law, the punishment cannot be said to be disproportionate to the nature of the offense. People v. Varner, 351 Ill. App. 243, 249, 114 N.E.2d 568. Within such limits

the trial court only has power to impose sentence, and in the absence of a clear abuse of discretion its judgment will not be interfered with on review. The People v. Brendeland, 10 Ill.2d 469, 472, 140 N.E.2d 708. The punishment imposed upon defendant Stevenson is within the limits of the statute prescribing the penalty for assault with a deadly weapon and is not excessive.

The judgment of the County Court of Winnebago County is affirmed.

Affirmed.

DOVE and SMITH, JJ., concur.