RONALD J. HARRIS *vs.* HAROLD V. LANGLOIS, *Warden.*

JULY 8, 1964.

PRESENT: Condon, C.J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.  This is a petition for habeas corpus to determine the validity of the order of February 18, 1963 of the superior court committing the petitioner to the adult correctional institutions to serve a ten-year sentence for rape.  We issued the writ, the pertinent papers were certified to this court, and thereafter by leave of court the case was submitted on briefs without oral argument.

The petitioner's brief advances five reasons in support of his contention that the order of commitment is illegal and void.  While the brief is signed by him pro se it bears all the earmarks of having been drafted by one skilled in the art of briefmaking.  Moreover, the argumentation therein of the above-mentioned reasons appears to have been done in true lawyer-like fashion.  We mention these things merely to emphasize the fact that petitioner's case has not been lacking in adequate representation.

The petitioner's complaint that he is unlawfully deprived of his liberty is based upon the alleged illegal action of the superior court in revoking his probation.  On November 23,

1955 he pleaded nolo in the superior court to an indictment for rape and thereupon the trial justice deferred sentence. On December 4, 1962 he was again before that court for violation of the conditions of such deferred sentence and he was held without bail until January 3, 1963, pending a presentence report. On that date the superior court imposed a ten-year sentence and thereupon suspended it for a probationary period of five years on the conditions that petitioner keep the peace, be of good behavior and submit to medical treatment. Shortly thereafter, on January 26, 1963, in the district court of the sixth judicial district he was charged with assault on his wife and on February 7, 1963 he was found not guilty. On February 7, 1963 he pleaded guilty in that court to the charge of driving without a license and was fined $25 and costs.

On February 8, 1963 petitioner was brought before the superior court on a capias for having violated the conditions of his probation and his case was continued until February 18, 1963, pending the court's receipt of a presentence report. On that day the assistant attorney general represented to the court that petitioner had violated the conditions of his probation and moved to revoke the order of suspension. In the course of his remarks concerning petitioner's conduct he referred among other things to petitioner's bad conduct toward his wife generally subsequent to the suspension of sentence, notwithstanding his acquittal of the assault charge. He also informed the court of petitioner's conduct with another woman of a specially offensive nature. In answer thereto petitioner's counsel was heard at length and he sought to excuse petitioner from responsibility therefor. He sought also to show that the court should not consider the information concerning petitioner's conduct toward his wife in view of his acquittal of the assault charge.

Before he rendered decision the trial justice allowed petitioner to speak in his own behalf. He admitted that his conduct in the past had not been what it should have been

in view of the leniency which had been accorded to him, but he asked for further leniency and promised to work and support his family. The trial justice reminded him that he had made similar promises in the past on the strength of which sentence had been originally deferred and that he had not kept them. He was also reminded that notwithstanding such breach he was accorded further leniency by way of probation because the trial justice felt he should be given another chance to redeem himself. And now it appeared from the probation officer's presentence report that he had again failed to keep such promises, resulting in the probation officer's opinion that he deserved no further consideration.

The trial justice thereupon observed that he had given that report special and prolonged consideration at his home in the hope that he "might again find some good cause to be lenient" but that he found it impossible. He then announced his decision as follows: "the suspension of the sentence that I gave you a little over a month ago is revoked and you are ordered committed to jail to start serving the ten year sentence I had given you on rape after giving you a deferred."

Under his first two points petitioner contends that at the hearing before the trial justice he was denied due process of law in violation of the fourteenth amendment to the federal constitution and art. I, sec. 10, of the state constitution in that the trial justice acted upon hearsay and prejudicial, inflammatory statements of the assistant attorney general and without confronting petitioner with the witnesses against him. There is no merit in either contention. The petitioner misconceives the nature of the hearing for revocation of a suspended sentence and probation. "Except as statute may provide otherwise, no formal charge or hearing is necessary before the court may revoke a suspension or probation and impose sentence." 24 C.J.S. Criminal

Law §1572(4), p. 500. Our statute provides only that, "After receiving the report or statement of facts from the police and the probation department, or from the probation authority alone, in open court, in the presence of the defendant, the court may remove the suspension and order the defendant committed on the sentence previously imposed, or may continue the suspension, as to said court may seem just and proper." G. L. 1956, §12-19-9.

There is no constitutional right to notice and a hearing before revocation. It is a privilege accorded by act of Congress in the federal courts. *Escoe v. Zerbst*, 295 U. S. 490, 493. But there the court said, speaking through Cardozo, J.: "Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. * * * It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper."

We think the language of our statute providing for "the presence of the defendant" in open court requires no more and no less. In the instant case petitioner was accorded an opportunity to be heard personally as well as by counsel. He was not entitled to be confronted by witnesses against him as in a trial upon a criminal charge. Nor was he entitled to demand as of right that the information upon which the trial justice based his revocation of suspension should conform to the established rules of evidence.

It is generally held that probation is a species of grace to a convicted criminal resting entirely within the discretion of the court and that revocation is similarly subject to the

exercise of such discretion. As was said in *Edwardsen* v. *State*, 220 Md. 82, 88: "A proceeding for the revocation of a suspension of sentence and probation is informal in character and not subject to the limitations imposed by law upon the trial leading to a conviction." See also *Ridley* v. *Commonwealth*, Ky., 287 S.W.2d 156; *State* v. *Everitt*, 164 N. C. 399; *State* v. *Miller*, 122 S. C. 468; *People* v. *Varner*, 351 Ill. App. 243; *Manning* v. *United States*, 161 F.2d 827; *State* v. *Elder*, 77 S. D. 540; *State ex rel. Roberts* v. *Cochran*, Fla., 140 So.2d 597; *Young* v. *State*, 155 Neb. 261.

However, petitioner cites *Townsend* v. *Burke*, 334 U. S. 736, in support of his contention. In our opinion that case is not authority for petitioner's position here. It does not rest upon a view of the law governing the function of the trial court in revocation of probation contrary to that quoted above in *Escoe* v. *Zerbst, supra*. Indeed the case itself did not involve an inquiry by the trial court as to whether there had been a violation of the conditions of probation. Rather the principal question decided by the supreme court was that Townsend had been denied due process of law because he was unrepresented by counsel when the trial court imposed sentence.

In the case at bar there was no question of the imposition of sentence. That had already been imposed and suspended while petitioner observed the conditions of his probation. The only problem for the trial court was the determination of the question whether he had violated any of those conditions, and on such inquiry he had the benefit of counsel as well as an opportunity to speak in his own behalf. In other words, to use the court's language in *Escoe* v. *Zerbst, supra*, he had the "chance to say his say * * *." On the record before us we cannot assume that petitioner was deprived of any constitutional right. In our opinion the decision of the superior court was neither arbitrary nor capricious but was an exercise of judicial discretion based upon information

which it was entitled to receive and consider. As we said in *Roderick for Writ of Habeas Corpus,* 45 R. I. 153, 155, "It was competent for that court, upon any facts which might be presented, to bring the defendant in upon *capias* and to visit upon him such punishment as might appear to be just and proper."

It is unnecessary to discuss at length the remaining three contentions of the petition as they are based fundamentally upon the same constitutional ground, namely, violation of the fourteenth amendment to the federal constitution by the manner in which the superior court used the presentence reports. Suffice it to say that there is no merit in any of those contentions. The purpose of such reports is, as we have heretofore held, to aid the court in the exercise of its discretion and not to limit its power to determine the proper sentence. The manner of their use does not involve due process. *Knowles* v. *Langlois,* 90 R. I. 445.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, the papers certified to this court are ordered returned to the superior court, and the petitioner is remanded to the custody of the respondent in accordance with the superior court's order of commitment.

ROBERTS, J., concurs in the result.

*Ronald J. Harris* pro se, petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.