403 A.2d 1086.

STATE *vs.* JULIO J. ARROYO.

JULY 18, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J. The issue on these appeals is whether the Superior Court erred when, in the defendant's absence, it held a revocation hearing and adjudged him a violator of both a suspended sentence previously imposed on one indictment and his probation on another. We hold that there was error and we reverse.

On April 28, 1975, defendant, Julio Arroyo, pleaded nolo contendere to indictments charging possession of a stolen automobile and breaking and entering an apartment without consent. He was placed on probation for 2 years with respect to the former charge and received a 1 year suspended sentence and was placed on probation for 1 year with respect to the latter charge.

In the fall of that year, the state moved against defendant for an alleged violation of both his probation and his suspended sentence. It did so on the basis of a police report that alleged that he had taken his young teenage cousin to Pennsylvania and had engaged in sexual intercourse with her. The defendant came before a justice of the Superior Court on November 6, 1975. His counsel then requested a continuance in order to give him more time to prepare. The request was granted and the cases were continued to November 20, 1975. In the interim, defendant was allowed to remain at large on personal recognizance.

On the scheduled day, the cases were called. The state was ready to proceed, but defendant's counsel, although indicating that he was ready, advised the trial justice that his client was absent, that he was unsure of the reason for the absence, and that "[t]o proceed in the absence of the defendant without having any knowledge whether it is a voluntary absence, I think, would be prejudicial to the defendant, therefore, I would request a continuance to be able to ascertain the reason for his absence today."

The trial justice denied the request stating that he had made it perfectly clear to defendant that he was to be present, that the cases would proceed on the assumption that defendant's absence was voluntary, and that counsel could at such time in the future as defendant appeared bring such matters to the court's attention as might be deemed appropriate. The hearing then proceeded and at its conclusion the trial justice announced that he was satisfied that the state had made out a substantial case against defendant. He was adjudged a violator of both the suspended sentence and of his probation. Sentencing was deferred, however, pending defendant's apprehension.

More than a year later, on February 18, 1977, defendant, after being extradited from California, was presented before the Superior Court for disposition. The state moved for sentence. In response, defendant stated:

> "I left last November, November 1975, due to the fact I received a phone call that my mother was very badly sick. They didn't know whether she was going to live or die. I decided to go to the State of California to see my mother, so if she did pass away I would like to see her before. I had left word with my aunt to notify the Court I had gone out there under those conditions. Due to the fact while I was out there I got into a little trouble out there, I was incarcerated for one year, and the State of Rhode Island made me come back here."

The trial justice was unmoved by defendant's explanation. He revoked the suspended sentence and ordered defendant committed on the sentence previously imposed. In addition, he sentenced defendant to imprisonment on the indictment on which he had previously been on probation.

On appeal defendant urges several contentions. The one that is dispositive, however, is the assertion that it was error to hold the violation hearing in his absence. Treating that contention as having constitutional proportions, the state concedes that, under *Gagnon* v. *Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), an accused has the right to be present at a violation hearing and ordinarily must be afforded an opportunity to confront and cross-examine adverse witnesses and to be heard in person. *See State* v. *DeRoche*, 120 R.I. 523, 389 A.2d 1229 (1978); *State* v. *Spivey*, 113 R.I. 1, 316 A.2d 498 (1974). It argues, however, that those rights are not absolute and that they may be waived by an accused violator who elects voluntarily to absent himself from the hearing. *See generally Johnson* v. *Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 2d 1461 (1938); *State* v. *Brown*, 121 R.I. 422, 399 A.2d 1222 (1979).

Our focus in this case, however, is not whether defendant

voluntarily absented himself from the violation hearing and thereby waived his constitutional right to due process. Rather, we center on defendant's assertion that the clear and unambiguous language of both G.L. 1956 (1969 Reenactment) §§12-19-9, -14, as amended by P.L. 1972, ch. 169, §25[1] and Super. R. Crim. P. 32(f)[2] mandated his presence at the revocation hearing and precluded holding the hearing in his absence irrespective of whether his absence was voluntary or involuntary. In our judgment, these statutes and the rule do so provide.

We have not heretofore directly addressed the question of the applicability of either the rule or the statutes to a situation such as this. In *Harris* v. *Langlois*, 98 R.I. 387, 391, 202 A.2d 288, 290, *cert. denied*, 379 U.S. 866, 85 S. Ct. 138,

[1] In pertinent parts those sections of the General Laws provide:

"Whenever any person, who shall have been placed on probation as aforesaid shall violate the terms and conditions of his probation as fixed by the court, the police or the probation authority shall inform the attorney general of such violation, and said attorney general shall cause the defendant to appear before the court. * * * After receiving the report or statement of facts from the police and the probation department, or from the probation authority alone, in open court, *in the presence of the defendant*, the court may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to said court may seem just and proper." G.L. 1956 (1969 Reenactment) §12-19-9, as amended by P.L. 1972, ch. 169, §25. (Emphasis added.)

"Whenever any person, who shall have been placed on probation by virtue of the suspension of execution of his sentence as aforesaid, shall violate the terms and conditions of his probation as fixed by the court, the police or probation authority shall cause the defendant to appear before said court. * * * After receiving the report or statement of facts from the police an probation department, or from the probation authority alone, in open court, *in the presence of the defendant*, the court may revoke the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or may continue the suspension as to said court may seem just and proper." G.L. 1956 (1969 Reenactment) §12-19-14, as amended by P.L. 1972, ch. 169, §25. (Emphasis added.)

[2] The pertinent language in that rule is:

"The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed." Super. R. Crim. P. 32(f).

13 L. Ed. 2d 70 (1964), however, in which our concern was whether probation and a suspended sentence could be revoked on hearsay evidence and without confronting the accused with the witnesses against him, we said that:

> "We think the language of our [probation revocation] statute providing for 'the presence of the defendant' in open court requires no more and no less."

Although the Supreme Court's subsequent decision in *Gagnon* v. *Scarpelli,* as well as our own later decisions in *State* v. *DeRoche and State* v. *Spivey* make clear that we were wrong in *Harris* to the extent that we held that a probationer charged with a violation is entitled to "no more" than to be present in open court at his revocation hearing, nothing we have since said suggests that "less" will suffice.

In arguing that neither Rule 32(f) nor §§12-19-9, -14, are intended to prevent a violation hearing from being held where a defendant has voluntarily absented himself, the state calls upon Super. R. Crim. P. 43 for support. In material part that rule provides that in non-capital cases "the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of verdict." The state urges, without articulating a basis therefor, that this provision should be read into both Rule 32(f) and §§12-19-9, -14. It seems to us, however, that the failure to include a comparable provision in Rule 32(f) and §§12-19-9, -14 cuts across rather than supports the state's position. That failure convinces us that it was intended that a violation hearing may not proceed unless the accused is present and that the clear language of the rule and the statutes to that effect must be read literally.

The defendant's appeals are sustained, the judgments appealed from are vacated, and the cases are remanded to the Superior Court.

*John Murphy,* Assistant Attorney General, for plaintiff.
*Frederick Tobin, William Corrente,* for defendant.