## UNITED STATES *v.* JACKSON.

1. This court will take judicial notice that, by law, the territory of the United States is, for internal revenue purposes, divided into collection districts, with defined geographical boundaries.
2. Suit on a bond reciting that the President hath, pursuant to law, appointed A. "collector of taxes, under an act entitled 'An Act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,'" and conditioned that he "shall truly and. faithfully execute and discharge all the duties of the said office, according to law, and shall justly and faithfully account for and pay over to the United States . . . all public moneys which may come into his hands or possession." *Held*, that the bond is binding on the parties thereto, but that the declaration is bad on demurrer, inasmuch as it does not aver A.'s appointment to the collectorship of any particular district.
3. *Semble*, that the bond with A.'s commission, or the public record thereof, would be sufficient proof of such appointment, had the fact been averred.

ERROR to the Circuit Court of the United States for the Eastern District of Virginia.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the plaintiff in error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

The action in this case was brought by the United States against Jackson and the other defendants, on a bond in which he was principal, and they were his sureties. Judgment was rendered for the defendants on a demurrer to the declaration, which sets out the substance of the obligatory part of the bond, namely, the acknowledgment of an indebtedness to the United States in the sum of $50,000; to which it adds, there was annexed the following condition : " Whereas the President of the United States hath, pursuant to law, appointed the said George W. Jackson collector of taxes, under an act entitled 'An Act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes:'

" Now, therefore, if the said George W. Jackson shall truly and faithfully execute and discharge all the duties of the said

office, according to law, and shall justly and faithfully account for and pay over to the United States, in compliance with the regulations of the Secretary of the Treasury, all public moneys which may come into his hands or possession, and if each and every deputy collector appointed by said collector shall truly and faithfully execute and discharge all the duties of such, deputy collector according to law, then the above obligation to be void and of no effect; otherwise it shall remain and abide in full force and virtue."

The Circuit Court was of opinion that the bond was absolutely void, because it did not state for what particular collection district Jackson was collector of taxes, and for the proper discharge of the duties of which the defendants undertook to be responsible.

It is a matter of which this court will take judicial notice, that, by law, the country is divided into collection districts for internal revenue purposes, and in some States there are several of these districts, with defined geographical boundaries. A collector is appointed for each district, and his duties relate to the collection of internal revenue within it. Because, therefore, the bond did not bind the parties on its face for Jackson's performance of the duties of any particular district, the Circuit Court was of opinion that it was void.

But it does bind the signers for the faithful performance of the duties of collector of taxes by George W. Jackson, according to law, and it avers that he had been duly appointed collector of taxes under the internal revenue act. The duties for the performance of which these parties bound themselves were well defined. The person who was to perform them, and for whose default they consented to become liable, was named in the obligation, and the only matter of importance omitted was the place or district within which those duties were to be performed. He was collector for but one district. It is fairly to be presumed that the obligors knew for what district he had been appointed, since they say he had already been appointed by the President when they signed the bond.

This appointment was a matter of public record. The evidence of it was the commission of Jackson signed by the President and duly sealed. The district, therefore, for which he

was appointed was known to the obligors, and was a matter of public record, and we do not see how such a bond can be held to be void.   In any issue that could arise as to the district for which Jackson was appointed, and for the duties of which they became liable, it could be made certain by the production of his commission or the record of it in the proper department.

It would not depend on any parol proof.   The production of the bond and commission makes complete the obligation of the defendants.   That is certain in law which can be rendered certain.

If, therefore, there had been an averment in the declaration of the district for which Jackson was appointed, we do not see why the declaration and the bond, taken together, would not have been good, when it was further averred that, in regard to the duties of that district, he had been guilty of a default covered by the terms of the bond.   If to such a declaration *non est factum* or *nil debet* had been pleaded, the production of the bond and commission would have been a sufficient answer, because the commission would have shown by matter of record that Jackson had been appointed internal revenue collector for that district, and the undertaking of the defendants in his behalf would have been held to apply to his duties under that commission.

But there is no averment in the declaration anywhere that he was or had ever been appointed collector of any particular district.   There is, therefore, no foundation for proof of that fact by the production of the commission or by any other evidence.   On a judgment by default no such commission could be introduced, nor proof of non-performance in any district. No issue could be taken on the declaration as to his appointment or his obligation to perform the duties of any district, because there is no averment of any such obligation.   The declaration affords no opportunity to render more specific the obligation of defendants by introducing the commission.   It does not aver that this obligation for Jackson as revenue collector related to the duties of any particular district, so as to enable the court to apply the covenant of the defendants to those duties.

We are of opinion, therefore, that, regarding the demurrer (as we must) as referring to the declaration and to the bond set out on oyer, it was well decided that they were insufficient to sustain the action.

*Judgment affirmed.*