**ROSSI et al. v. UNITED STATES.**

No. 4594.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1932.

Rehearing Denied Oct. 7, 1932.

John E. Dougherty, of Peoria, Ill., for appellants.

Frank K. Lemon, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

The first two counts on which defendants were convicted charge violations of section 306 of title 26, USCA (R. S. § 3281), by carrying on the business of a distiller with intent to defraud the United States of the special tax on spirituous liquor. The third count charges a violation of section 284 of title 26, USCA (R. S. § 3260), by carrying on the business of a distiller without having given bond as required by law. The fourth count charges a violation of section 281 of title 26, USCA (R. S. § 3258), by having possession of distilling apparatus which had not been registered as required by law.

1. Appellants assert that the statutes upon which the indictment is based have been repealed. In United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, it was held that the National Prohibition Act repealed the sections of the internal revenue laws here involved. By this Willis-Campbell Act of November 23, 1921, c. 134, § 5, 42 Stat. 223 (27 USCA § 3), it was provided: "All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force on October 28, 1919, shall be and continue in force as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of this title."

We think that the effect of the Willis-Campbell Act was to re-enact the provisions of the internal revenue laws relied upon by the government in this case. Difficulties or even impossibilities in complying with the provisions of the revenue laws thus re-enacted, do not establish that the intention of Congress was not to continue those provisions in force. There is no direct conflict between the prohibitory legislation and the provisions of the revenue laws here involved. United States v. One Ford Coupé, 272 U. S. 321, 327, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; United States v. Sullivan, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037, 51 A. L. R. 1020; Murphy v. United States (C. C. A.) 38 F.(2d) 441.

2. It is urged as ground for reversal that the evidence which is relied upon to sustain the conviction should have been suppressed. The officers entered without a warrant and searched the premises. Appellants invoke the statute as to the search of a private dwelling. The basement in which the still was found had been separated from the residence portion of the building on the floors above by nailing and padlocking the door at the head of the steps leading from the basement. The court was warranted, in view of all the circumstances, in rejecting the claim that defendants were on the premises as guests engaged in repairing some radio apparatus. Defendants disclaimed any interest in any portion of the premises searched, and are not in position to assert a violation of their constitutional rights. And there is evidence to sustain the finding that defendants, in apparent charge of the premises, authorized the search and seizure without a warrant. Milyonico v. United States (C. C. A.) 53 F.(2d) 937.

3. Error is assigned because of the failure of the prosecution to show that Pekin, Illinois, is in the collection district and prohibition district charged in the indictment. The court takes judicial notice of this fact. Hoyt v. Russell, 117 U. S. 401, 6 S. Ct. 881, 29 L. Ed. 914; United States v. Jackson, 104 U. S. 41, 26 L. Ed. 651; Caha v. United States, 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415.

4. Error is assigned because of the absence of direct evidence in the record to show that the still was not registered or the bond approved as required by law. There are many circumstances shown in the record from which unexplained, the court was warranted in finding that there was no registration or bond. The fact of registration and giving bond was peculiarly within the knowledge of the defendants. In view of their conduct at the time of the search and their failure to make any explanation, the conclusion that they had failed to comply with the statute seems to be a logical one. Cardenti et al. v. United States (C. C. A.) 24 F.(2d) 782; McCurry et al. v. United States (C. C. A.) 281 F. 532; Barton et al. v. United States (C. C. A.) 267 F. 174.

5. Other errors as to the sufficiency of the proof have been assigned, but we think that they are without merit and do not require further discussion.

The judgment is affirmed.