## MOREHOUSE v. UNITED STATES.
### No. 11049.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1938.

Carl F. Benjamin and Raymond T. Coffey, both of Omaha, Neb., for appellant.

Emmet L. Murphy, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson and Fred G. Hawxby, Asst. U. S. Attys., all of Omaha, Neb., on the brief), for the United States.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

The appellant was convicted under an indictment containing four counts charging a violation of section 3258, United States Revised Statutes, 26 U.S.C.A. § 1162. Each count alleges the offense to have been committed April 21, 1936, "on an island in the Missouri River about five miles east of Fort Calhoun on the premises described as the Southeast Quarter of the Southwest Quarter of Section 15, Township 17, North, Range 13, East of the Sixth Principal Meridian, in Washington County, State of Nebraska, in the Omaha division of the District of Nebraska, circuit aforesaid, and within the jurisdiction of this court. * * *" Count 1 charges the unlawful

fermentation of about 700 gallons of mash fit for the production of alcoholic spirits, said mash not having been fermented on the premises of a duly authorized distillery. Count 2 charges the unlawful separation of about 10 gallons of alcoholic spirits by the defendant, he not being an authorized distiller. Count 3 charges that defendant carried on the business of a distiller of alcoholic liquor with the intent to defraud the United States of America of the tax on the 10 gallons of spirits distilled by him. Count 4 charges the unlawful possession of certain distilling apparatus, set up and situated for the distillation of alcoholic spirits, to wit, a whisky still of 100 gallons capacity.

At the close of the government's case and again at the close of all the testimony, defendant interposed a motion for a directed verdict upon the ground that the government had failed to prove the venue as alleged in the indictment. These motions were overruled and the defendant excepted.

In his brief, defendant sets out the following as his "Specifications of Errors Relied Upon":

"1. Because the Court erred in overruling the motion for a directed verdict in favor of the plaintiff in error, made by the plaintiff in error at the conclusion of the Government's case in chief, and again renewed after the conclusion of all the testimony in this case.

"2. Because of the failure of the Government to prove the venue of the offense as alleged in the indictment.

"3. The Court erred in admitting, over objections of the defendant, incompetent, irrelevant and immaterial testimony prejudicial to the defendant.

"4. The Court erred in refusing to allow the defendant to prove by the Government's witnesses and by the defendant, certain evidence material to the case.

"5. The Court erred in not allowing the defendant to show that the witness, Anderson, had been convicted of a felony.

"6. That the Court erred in instructing, upon its own motion, that it was not necessary that the specific spot alleged in the indictment should be proven. That all the law requires, is that the offense was committed at or near the particular spot."

Rule 36 of this court provides as follows: "When the error alleged is to the admission or the rejection of evidence, the assignment of errors shall quote the full evidence so admitted or rejected and the objections, exceptions and rulings thereon. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis."

Specifications 3, 4, and 5 are fatally defective and present nothing to this court for review. Marx v. United States, 8 Cir., 86 F.2d 245; Ed. S. Michelson, Inc., v. Nebraska Tire & Rubber Co., 8 Cir., 63 F.2d 597; Wagner Electric Corp. v. Snowden, 8 Cir., 38 F.2d 599; Federal Surety Co. v. Standard Oil Co., 8 Cir., 32 F.2d 119; Federal Intermediate Credit Bank v. L'Herisson, 8 Cir., 33 F.2d 841.

Each of the four counts of the indictment charges the offense as having been committed on April 21, 1936, on premises described as the southeast quarter of the southwest quarter of section 15, township 17 north, range 13, east of the Sixth principal meridian, in Washington county, state of Nebraska. In support of the venue, the government called as a witness a surveyor who produced and identified a map which he had prepared and on which he indicated the location of the still. The map was made from field notes of a previous survey made in 1931 and his own measurements which he made in connection with the 1931 corner markings located by him at the time he made the survey reflected by the map which was offered and received without objection. The plat was not only identified by the witness, but it is certified by him officially as follows:

"I hereby certify that on the 7th day of May, 1937, I secured the location of a still site on the island platted below and found it to be in the SW¼ of Section 15, Township 17 North, Range 13 E. of the 6th P.M., in Washington County, Nebr., 526' west and 140' North of the S. E. corner of the SW¼ of said Section 15; Field notes of said survey are recorded on page 6—Book 3, of the 'Official Surveys of Washington County, Nebraska.' N. E. Tilden, Washington County Surveyor, May 7, 1937."

In connection with the map the witness testified as to the location of the still in the southwest quarter of section 15, township 17 north, range 13, east of the Sixth principal meridian, Washington county, Neb. The map definitely shows the location, and the

witness, who was qualified, testified that this property was in Washington county, Neb.

■ Under the Sixth Amendment to the Constitution, the defendant is guaranteed the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed. Venue is therefore material, and the burden of proof rests upon the government. Brightman v. United States, 8 Cir., 7 F.2d 532.

■ Defendant introduced in evidence copy of a map certified by the commissioner of public lands and buildings of the state of Nebraska. The original purports to have been made in March, 1856. This plat shows no island, and the premises described in the indictment were principally on the east side of the Missouri river. The center of the river marks the eastern boundary of Nebraska. Act April 19, 1864, 13 Stat. 47. The state of Nebraska is formed into one judicial district. Title 28 U.S.C.A. § 173. It is clear that the river has changed its course, and there was evidence that the land described in the indictment has existed at least since 1931. The evidence showed that the main channel of the Missouri river is now, and at least since 1931 has been, east of the premises described, and hence the locus of the crime was shown to have been within the state of Nebraska. It was, therefore, not error to deny defendant's motion for a directed verdict.

■ Defendant, in specification 6, has challenged a part of the court's instructions, but he has not set out the part of the instruction complained of, and the assignment is not argued in his brief. The exception, which seemed to refer to that part of the court's instructions in which the jury were told that although the burden of proof was upon the government to prove each and every material allegation of the indictment, "That does not mean that it must necessarily appear from the evidence that the exact date charged in the indictment must be established. At or about that time is sufficient, if the evidence so shows. It does not mean that the specific spot alleged in the indictment should be proven." The instruction could not possibly have been prejudicial because the evidence of the government definitely and specifically fixed the site of the still not only as being within the premises described in the indictment, but the exact spot within the premises so described.

There is no merit in any of the contentions urged by the defendant on this appeal. The judgment appealed from is therefore affirmed.