## WHITE v. UNITED STATES.

### No. 9527.

United States Court of Appeals
District of Columbia.

Argued Feb. 10, 1948.

Decided April 12, 1948.

Mr. Bernard Margolius (appointed by this court), of Washington, D.C., for appellant.

Mr. Ross O'Donoghue, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Edward Molenof, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before STEPHENS, CLARK, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

Whether venue was proved is the principal question presented by this appeal. The appellant, Raymond V. White, was convicted of unlawfully selling marihuana cigarettes and challenges the sufficiency of the evidence to show that the offense was committed in the District of Columbia.

On March 20, 1946, White approached Calvin W. Edwards, one of the custodians of the McKinley High School, at the school grounds and asked if he would be interested in buying marihuana, either by the pound, quarter-pound or ounce. Edwards told him to come back the next day. In the meantime, he consulted with the head custodian, a Mr. Manger, as to what he should do. On the following day, when the appellant returned, Edwards met him at the top of the school stadium and bought two marihuana cigarettes from him, paying the purchase price with a marked dollar bill which had been furnished to him for that purpose by a police officer. The transaction was observed by the policeman and the head custodian, who were just a short distance away. Immediately thereafter White was arrested and the marked bill and fifteen additional marihuana cigarettes were found in his possession. .

The government introduced no direct evidence that the grounds of the McKinley High School, where the unlawful sale occurred, are located in the District of Columbia. Prosecuting attorneys cannot be excused for overlooking the single question which, in most cases, will elicit direct proof of venue. Had that question been asked here, in all probability this appeal would not have been taken. Venue may be proved, however, by circumstances and inferences and the commonly accepted meaning of words as well as precise description. George v. United States, 75 U.S.App.D.C. 197, 201, 125 F.2d 559, 563, and authorities there cited. In the present case witnesses many times mentioned places and descriptive names which would cause one familiar with this city to infer that the references were to places in, and names characteristic of, the District of Columbia. A brief summary of such evidence follows.

Edwards testified that, on the morning of March 20, he was "preparing for a scrimmage game between Gonzaga." "When I returned [from lunch] this fellow followed

me in from Lincoln Road into the stadium. When I got middle way of the field, he stopped me and went on and asked me if I was interested in any marihuana cigarettes. * * *" It further appeared that, following his arrest, White was taken to "Number 12", a precinct police station at Eighteenth Street and Rhode Island Avenue Northeast. The head custodian testified that his residence was at 4909 New Hampshire Avenue. Edwards, the assistant custodian, said he lived at 1319 Emerson Northeast. Before March 20, he had seen the appellant twice, once at North Capitol and O Streets, and once at Lincoln Road and R Street. Sergeant Carper, said by the arresting officer to have been in charge of the Narcotics Squad of the Metropolitan Police Department, told the jury he had a conversation with the appellant at No. 12 precinct about 2:00 o'clock on March 21. He said, "I asked him where he got the [marihuana] cigarettes, and he said he got them from a party at 9th and New York Avenue. He didn't know who he was."

We know judicially that the McKinley High School property lies near Lincoln Road, and that a Gonzaga School is located on North Capitol Street only a few blocks south of McKinley High School. A jury composed of residents of the District of Columbia could properly take notice of those facts. Moreover, No. 12 precinct at Eighteenth Street and Rhode Island Avenue Northeast, and the corners of North Capitol and O Streets, Lincoln Road and R Street, and 9th Street and New York Avenue, all would be familiar to local jurors. The jury knew, of course, that the District police force is called the "Metropolitan Police Department." While it is probably true that there is a McKinley High School and a Gonzaga School in many American cities, the several references in the evidence to local names and places, taken together, amply permitted the jury to infer that the unlawful sale proved in this case was made on the grounds of the McKinley High School near Lincoln Road in the District of Columbia.

■ Authority for our conclusion is found in George v. United States, supra [75 U.S.App.D.C. 197, 125 F.2d 564], where the appellant made a similar contention. We said, "From the term '7th and Maine Avenue, Southwest' in the testimony of these two witnesses and from the testimony of Sullivan that he was a member of the 'Metropolitan Police Force', the jury, drawn from the District of Columbia, could reasonably infer that the Federal Gas Station was in the District."

There remains for disposition only the appellant's criticism of the charge to the jury given by the trial justice. It is sufficient to say that that criticism is wholly lacking in substantial basis.

Affirmed.