Mack DEAN, Appellant,

v.

UNITED STATES of America, Appellee.

Pearl RICKS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 15642, 15643.

United States Court of Appeals
Eighth Circuit.

July 11, 1957.

Otto Schmid, Kansas City, Mo., for appellants.

Kenneth C. West, Asst. United States Atty., Kansas City, Mo. (Edward L. Scheufler, United States Atty., Kansas City, Mo., was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

Appellants were convicted under an indictment charging them with the sale, possession and concealment of quantities of heroin, a narcotic drug, in violation of Sections 4704(a) and 4705(a), Title 26, and Section 174, Title 21, United States Code Annotated.

The government's testimony positively identified the defendants in connection with proof of sales of heroin as charged in the indictment and equally positive testimony identified each defendant in connection with the possession of heroin as charged in the indictment. Two of the government's witnesses were addicts and another of the government's witnesses had entered a plea of guilty to a narcotic violation and of these, two had been convicted of a felony. Their testimony, however, was corroborated by Federal Narcotic Agents or police officers. The defendants in defense offered testimony tending to prove an alibi for each of the defendants. At the close of all the testimony defendants interposed motions for judgments of acquittal in the following words:

"At the close of all the evidence, the defendants file this their motion for judgment of acquittal and state that the evidence offered both by the Government and by the defendants is insufficient to sustain a conviction on each of Counts I to Count XI, inclusive of the indictment.

"Wherefore, defendants pray that the Court render a judgment of acquittal and that they be discharged."

The motions were denied and the case was submitted to the jury on instructions to which defendants here urge no objections.

It is contended that the evidence was insufficient to go to the jury and, hence, the court erred in denying their motions for judgments of acquittal interposed at the close of all the testimony.

██ In support of this contention it is argued that the witnesses as to the transactions involved were addicts or narcotic law violators, two of whom had records of convictions for felonies and, hence, their testimony was not credible. It must be observed in this connection, however, that while the witnesses used were addicts and confessedly not of the best reputations, their acts were evidenced by eye witnesses whose credibility stands unquestioned. The questions of the credibility of the witnesses and the weight to be given their testimony were, of course, questions for the jury and not questions for the court. It is not seriously argued that the proof of the commission of the crimes as charged was insufficient but that the witnesses were not worthy of belief. The jury having returned verdicts of guilty, we must assume that all conflicts in the evidence were resolved in favor of the government and, as we have often said, the prevailing party is entitled to the benefit of all such favorable inferences as may reasonably be drawn from the facts proven and

if, when so considered, reasonable minds might reach different conclusions the issue is one of fact to be submitted to the jury and not one of law to be determined by the court.

■ It is not seriously urged that the evidence as to the commission of the alleged crimes is insufficient but it is argued that there was no proof that the crimes were committed within the Western District of Missouri. In their brief appellants state but one point to be argued, as follows: "There was no substantial evidence to sustain a verdict that the appellants sold, purchased, concealed or possessed the quantities of heroin as alleged in the Indictment, within the jurisdiction of the trial court." In support of this point counsel in his brief says:

"Admitting, for the sake of this discussion, all the facts shown in the evidence, we submit that in the entire transcript of the testimony adduced at the trial, there is no proof that any of the violations of law charged in the Indictment occurred in the Western District of Missouri * * * ."

It is first to be noted that the motions for judgments of acquittal do not specify this as ground for granting their motions but the question is first specifically raised on this appeal. The indictment charges the offenses as having been committed in "Kansas City, Missouri, in the Western Division of the Western District of Missouri". Government counsel in his opening statement prior to the introduction of any evidence recited that the various offenses were committed in Kansas City, Missouri. This, to be sure, was not testimony but it is part of the background. The case was tried in Kansas City and the witnesses who testified identified each transaction as having occurred at certain street corners or street numbers in Kansas City. As they were at the time of giving this testimony in Kansas City as were the jurors hearing the case we think, viewing the evidence in a light most favorable to the government, the jury may well have inferred that they were talking about Kansas

City, Missouri. There was also introduced in evidence certain exhibits, notably Exhibit Nos. 1, 2, 3 and 4. All of these exhibits together with the notations thereon were admitted in evidence without objection. The notation on each exhibit showed that it had been obtained at a certain point in Kansas City, Missouri; for example, Exhibit No. 4 contained the following notations:

"Name: Willie James Carter et al.; Address: 1402 Highland, Kansas City, Mo.; Evidence: 20 capsules heroin weighing 29 grains; How Obtained: Purchased by Ted Shelton; Where Obtained: N. E. Corner 14th & Virginia Sts., Kansas City, Mo.; Date: May 2, 1956; Time: 6:30 p. m.; Amount Paid: $50.00; Witnesses: J. Flavin, J. Clifford, J. Hitchcock; R. Heinen— Detectives K. C., Mo., PD—G. F. Shattuck & Wm. M. Maguire, Narcotic Agents; Agent Reporting Case: Geo. F. Shattuck."

■ These notations were a part of the exhibits. While it is essential to prove venue in a criminal prosecution it is a fact to be proven as any other fact and may be proven by either direct or circumstantial evidence. Blair v. United States, 8 Cir., 32 F.2d 130; United States v. Karavias, 7 Cir., 170 F.2d 968; United States v. Jones, 7 Cir., 174 F.2d 746; White v. United States, 83 U.S.App. D.C. 174, 167 F.2d 747; Tuckerman v. United States, 6 Cir., 291 F. 958; State v. Dale, 66 S.D. 418, 284 N.W. 770; 23 C.J.S. Criminal Law, § 914, p. 172. In Blair v. United States, supra, a case in which the testimony as to venue was somewhat vague, uncertain and indirect it is said [32 F.2d 132]:

"But venue may be proven like any other fact; therefore it may be found from circumstantial evidence."

The same rule is announced by the Seventh Circuit in United States v. Karavias, supra [170 F.2d 970] as follows:

"The general rule governing proof of venue is that there need be no

positive testimony that the violation occurred at a specific place, but that it is sufficient if it can be concluded from the evidence as a whole that the act was committed at the place alleged in the indictment. George v. United States, 1942, 75 U.S.App.D.C. 197, 125 F.2d 559; People v. Allegretti, 1920, 291 Ill. 364, 126 N.E. 158; People v. Reynolds, 1944, 322 Ill.App. 300, 54 N.E.2d 850, and cases cited. And, as stated by this Court in Wallace v. United States, 7 Cir., 1917, 243 F. 300, 306, 'venue, like any other fact, may be shown by evidence, direct, indirect or circumstantial.' "

In United States v. Jones, supra [174 F.2d 749] it is said, inter alia:

"The evidence in this case refers to several streets where the transactions took place between the defendant and the Government agents, but not one of them is identified as being in the city of Chicago. If they had been so identified, we would judicially know that Chicago is within the Northern District of Illinois."

■■ In the instant case the testimony showed that the streets mentioned were identified as being in Kansas City and the court could judicially know that Kansas City was in the Western Division of the Western District of Missouri. It is generally held that absence of direct proof of venue does not defeat conviction where it is properly inferable from all the evidence.

■ Venue is not an integral part of a criminal offense and, we have held, need not be proven beyond a reasonable doubt. Blair v. United States, supra. While it is not an integral part of a criminal offense and may not require proof beyond a reasonable doubt it must nevertheless be proved because the accused, under the Sixth Amendment to the Constitution, is guaranteed the right to a public trial by an impartial jury of the state and district wherein the crime shall have been committed. Morehouse v. United States, 8 Cir., 96 F.2d 468.

In the instant case there was before the jury not only the testimony of witnesses as to the names of the streets in Kansas City where the sales were consummated but this was supplemented by the notations on the exhibits introduced in evidence without objection, which showed that these places were in Kansas City, Missouri. The jurors were not required to close their eyes to this evidence. Manifestly, had any question been raised as to the sufficiency of the evidence to show venue it could readily have been supplied. On the whole record we think the jury in absence of any evidence to the contrary may well have found that the offenses were committed in Kansas City, Missouri, within the Western Division of the Western District of Missouri. The judgments appealed from are therefore affirmed.