Carl Turner WEAVER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19071.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1962.

M. A. Marsal, Mobile, Ala., for appellant.

Ralph Kennamer and Vernol R. Jansen, Jr., U. S. Attys., Alfred P. Holmes, Jr., Asst. U. S. Atty., Mobile, Ala., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

This appeal was taken after appellant's conviction under a two count indictment charging him with violation of the Internal Revenue law relating to non-tax paid liquor, 26 U.S.C. § 5205(a) (2) and 26 U.S.C. § 7206(4).

Appellant contends that the Government failed to prove that the offenses were committed in Mobile, Alabama, as charged in the indictment. This is the sole issue before the Court here.

In the Government's opening statement, counsel stated that appellant was seen on "Sage Avenue here in Mobile;" and that appellant was driving his automobile "here in Mobile." The indictment charges that the offenses were committed in Mobile. While the above are not evidence they are factors which the jury may consider to infer that the offense was committed in the location as charged.

Proof of venue as a jurisdictional fact may be shown by circumstantial evidence as well as by direct evidence, and

the venue may be deemed proven by inference drawn by the jury from the circumstantial evidence presented at time of trial, or from the record as a whole. Holdridge v. United States, 282 F.2d 302 (8th Cir. 1960).

In Dean v. United States, 246 F.2d 335 (8th Cir. 1957), the court stated:

" * * * The indictment charges the offenses as having been committed in 'Kansas City, Missouri, in the Western Division of the Western District of Missouri.' Government counsel in his opening statement prior to the introduction of any evidence recited that the various offenses were committed in Kansas City, Missouri. This, to be sure, was not testimony but it is part of the background. The case was tried in Kansas City and the witnesses who testified identified each transaction as having occurred at certain street corners or street numbers in Kansas City. As they were at the time of giving this testimony in Kansas City as were the jurors hearing the case we think, viewing the evidence in a light most favorable to the government, the jury may well have inferred that they were talking about Kansas City, Missouri."

Here the transcript reveals that the arresting officer testified that he was employed as an agent of the Alcohol and Tobacco Tax Division of the Treasury Department and was assigned on that day to Mobile, Alabama.

The testimony related to the streets in question by specific name, i. e., Sage, Dauphin, Lafayette, Old Shell Road, Grant Street. Moreover, the directional relationship of these streets was made quite clear, and included some indication of compass direction. Certainly, it cannot be said that these names are themselves commonplace. Indeed, their appellations are somewhat unique. This, together with a clear verbal account of their interlacing pattern placed on the record for the jury and for the trial Court a locale distinguishable by plain inference as Mobile, Alabama.

■ Absence of direct proof of venue will not defeat conviction where inferences of venue may properly be drawn from circumstantial evidence. George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559 (1942). If upon the whole evidence it may be inferred that the crime was committed where the venue was laid, that is sufficient. United States v. Chiarelli, 192 F.2d 528 (7th Cir. 1951), certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683 (1952).

■ There was sufficient evidence here, therefore, from which the jury could infer venue. It was not error for the District Court to deny motion for directed verdict or to deny judgment notwithstanding the verdict. Upon these grounds alone the conviction must stand, although the District Court in denying these motions did so by taking "judicial knowledge" of the fact that the streets were located in Mobile, Alabama. This was unnecessary in view of the reasons given above but in no way discloses error.

While there is a distinction between judicial knowledge and judicial notice, as used in the case before us, such distinction is largely academic. 20 Am.Jur. Evidence Sec. 21 at p. 52.

■■ Judicial notice may be taken of facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all. Judicial notice may be taken without request by a party of such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute. Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed. McCormick on Evidence, Judicial Notice,

Section 323 at p. 688 and footnote citing Uniform Rules of Evidence, Rule 9.

■ The courts take judicial notice of the boundaries of the nation, of the location of states and territories, the location of the boundaries of the state in which the court is sitting, of counties, district and townships. The location and boundary of any incorporated city, as a subdivision of the state are judicially noticed, as well as locations of governmental buildings and institutions. Rutherford v. United States, 264 F.2d 180, (9th Cir. 1959), certiorari denied 359 U.S. 1003, 79 S.Ct. 1140, 3 L.Ed.2d 1031 (1959); United States v. Echeles, 222 F.2d 144 (7th Cir. 1955), certiorari denied 350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739 (1955); United States v. Allegrucci, 258 F.2d 70 (3rd Cir. 1958) (reversed on other grounds); Dean v. United States, supra, Goldstein v. United States, 256 F. 813 (7th Cir. 1919); Rossi v. United States, 60 F.2d 955 (7th Cir. 1932), affirmed 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051 (1933); Portman v. United States, 34 F.2d 406 (8th Cir. 1929); Duree v. United States, 297 F. 70, (8th Cir. 1924); McCormick on Evidence, Judicial Notice, Section 328 at 703.

In United States v. Spagnuolo, 168 F.2d 768 (2nd Cir. 1948), certiorari denied 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 378 (1948), the Court of Appeals for the Second Circuit took judicial notice that 940 St. Nicholas Avenue is in the Borough of Manhattan. In White v. United States, 83 U.S.App.D.C. 174, 167 F.2d 747 (1948) the facts with respect to venue parallel the case here, and that court took judicial notice of the location of certain streets in relation to the surrounding community.

Although no question of the validity of search and seizure was raised on this appeal we studied very carefully the record and invited briefs in this regard. We conclude that there was no violation of Constitutional rights.

The judgment of the District Court is, therefore,

Affirmed.