**UNITED STATES of America**

**v.**

**Ernest Joseph BOSTIC, Jr., and Edward Eugene Nelson.**

**Crim. No. 22381.**

United States District Court
E. D. Pennsylvania.

July 14, 1966.

See also D.C., 251 F.Supp. 306.

Drew J. T. O'Keefe, U. S. Atty., Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Samuel Dashiell, Philadelphia, Pa., for defendant, Bostic.

Matthew J. Ryan, III, Philadelphia, Pa., for defendant, Nelson.

## MEMORANDUM OPINION AND ORDER

CLARY, Chief Judge.

On December 2, 1965, a few minutes before the 3 P.M. closing time, the above-named defendants entered the Citizens Bank at 5513 Chester Avenue, Philadelphia. Both were wearing white rain coats and rain hats and each wore dark glasses. Defendant Bostic approached the teller's cage and placed a shopping bag on the counter. Nelson stood at the door alternately looking outside the door and then back to Bostic. Within seconds a Philadelphia police car arrived, a uniformed policeman alighted, and one of the defendants said to the other, "Let's get the hell out of here." Defendants hurriedly left the bank and disappeared.

Two Philadelphia detectives, in civilian clothes, had been stationed inside the bank as "stakeout" to prevent holdups. Observing the suspicious actions of the pair, these detectives ordered the policeman to chase the defendants. They were apprehended a few blocks from the bank. A shotgun was lying at defendant Nelson's feet and a pistol was found on Bostic. Nelson's fingerprints were found on the shotgun and Bostic's fingerprints on the pistol and shopping bag. Bostic brought a preliminary motion to suppress the evidence on the ground that it was seized without probable cause. This motion was denied by my colleague, the Honorable John W. Lord, Jr., and also by the undersigned when renewed at trial and joined in by defendant Nelson.

After conviction by a jury, defendants now bring alternative motions for judgment of acquittal or new trial.

■■ Defendant Bostic presents two arguments. The first is lack of proof of the bank being insured in the Federal Deposit Insurance Corporation. This objection is patently without merit. The original Certificate issued by the Federal Deposit Insurance Corporation to the Citizens Bank was produced in Court.

It was signed by the Chairman and Secretary of the Federal Deposit Insurance Corporation and bore the imprint of the seal of the Corporation. That proof might be produced in other ways, i. e., certified copy under the seal of the Department, does not preclude the offering of the original Certificate as proof of insurance. Courts may take judicial notice of any fact "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." Uniform Rule of Evidence 9(2) (d) (1965). See also McCormick on Evidence, § 325 at 691 (1954); 4 Barron Federal Practice & Procedure, Criminal, § 2153, page 171 (Wright Cum. Supp.1964); IX Wigmore on Evidence, § 2571 at page 548 (3rd ed. 1940).

■ Defendant Bostic's second claim that the Government failed to prove venue in the Eastern District of Pennsylvania is equally without merit.

"Venue need not be proved by direct and positive evidence. If, upon the whole evidence, it may reasonably be inferred that the crime was committed where the venue was laid, that is sufficient." United States v. Goldberg, 206 F.Supp. 394, 398 (E.D.Pa.1962), aff. 330 F.2d 30 (3 Cir. 1964), cert. denied 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964).

See also Weaver v. United States, 298 F.2d 496 (5 Cir. 1962); Dean v. United States, 246 F.2d 335 (8 Cir. 1957). From the location of the bank concerned and the testimony of the Philadelphia police, it was fully established that this crime took place in Philadelphia.

■ Defendant Nelson argues lack of probable cause for the apprehension of the two defendants. My colleague, Judge John W. Lord, Jr., on the motion to suppress, held that there was probable cause for the apprehension and the seizing of the deadly weapons. This Court also held that the facts determined probable cause as a matter of law. However, this decision was never communicated to the jury. On the contrary, the Court left the question to them as one of fact, with in-

structions that if the police did not have probable cause the defendants must be acquitted. The jury found probable cause and this finding, in essence a mixed question of law and fact, will not be disturbed by the Court. In submitting this question to the jury, the defendants were given every advantage. This instruction was completely helpful to defendants. It redounded only to their benefit and not to their prejudice. It certainly was not beneficial to the Government.

■■ The actions of these two defendants on the day in question represented, to the trained police observers, the classical method of holding up a bank. Nelson stood near the door with the shotgun to hold off anyone who interfered with the intended holdup. Bostic, with his pistol, could readily take care of the teller. This was especially true since this was a relatively small branch office. However, defendant Nelson says there must be more. He says that since neither he nor Bostic made any demand upon the teller to give the money, to hold up her hands, or announced that it was a "stickup", the Government has failed to establish proof of intent to commit a crime within the bank. He says that failing such proof, both defendants must be acquitted. They were charged in two counts of the indictment with conspiracy, and in the second count, with entering the bank with intent to commit a felony. From all the facts and circumstances, the jury was entitled to find that there was an unlawful agreement and that they intended to rob the bank.

In support of his contention that there must be a positive overt act on the part of the defendants, such as a threat, an oral command, or some such similar incident, before a jury may find intent to commit a robbery, counsel has offered no decisional law which supports this proposition, and this Court refuses to enunciate such a principle.

The defendants were convicted after a full and thorough trial and the judgment of the jury will not be disturbed.

## ORDER

And now, to wit, this 14th day of July, 1966, for the reasons set forth in the foregoing Memorandum Opinion, it is ordered, adjudged and decreed that defendants' Motions for New Trial or Judgment of Acquittal be and they are hereby denied.