UNITED STATES of America, Appellee,

v.

William John LUKENBILL, Appellant.

No. 24422.

United States Court of Appeals, Ninth Circuit.

Feb. 2, 1970.

Riner E. Deglow (argued), Spokane, Wash., for appellant.

Dean C. Smith (argued), U. S. Atty., John H. McRae, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge:

Lukenbill was convicted of causing his daughter to forge an endorsement on a government check at Spokane in the Northern Division of the Eastern District of Washington.

The material events in the case happened at Nine Mile (Route 1) and Seven

Mile. But where? What state? What city? What county? What federal judicial division and what judicial district? No witnesses ever told the jury. Was this fatal?

The defendant at the close of the government case made a motion for a judgment of acquittal because of insufficiency of the evidence. The motion was renewed before the case went to the jury. Only after the guilty verdict was in did counsel disclose his precise point and that was on a motion for arrest of judgment and for other relief. (He may not have realized he had the point earlier.) Counsel shows that three of the twelve jurors were from some distance from the city of Spokane where the case was tried.

The trial judge on the motion for arrest of judgment held that from the totality of the circumstances there was enough evidence that the offense occurred at Spokane, Washington, as charged. We agree.

Standard references indicate an area called "Nine Mile" located about nine miles northwest of downtown Spokane and another area close by called "Seven Mile" appears on many maps, but not as often as Nine Mile. Nearby is a "Nine Mile Falls and the Nine Mile Dam." Nine Mile is reached over the "Nine Mile road" out of Spokane.

Of course, we are restricted to the record of the case and to that of which we can take judicial notice. We can find no other region in Eastern Washington or in adjoining Idaho called "Nine Mile" or "Seven Mile."

Jurors may sometimes get lost in complicated instructions. But we think sitting in the jury box in Spokane listening to all of the evidence they were entitled to infer beyond a reasonable doubt that "Nine Mile" and "Seven Mile" were just about those distances from downtown Spokane.

It is human experience that if a distant place is referred to it is more closely pinned down, leaving little for inference. It is only natural to infer that a witness

means "here" not "there." It is inconceivable to us that the jury sitting in Spokane did not think "here" but thought "there."

Appellant's best case is United States v. Jones, 7 Cir., 174 F.2d 746. This may be impaired by United States v. Budge, 7 Cir., 359 F.2d 732. But we could still agree with Jones and consistently maintain our views here. One could only surmise that the streets in Jones were in Chicago. But they could have been many, many places. So, each of these cases must be decided on its facts.

Our position is supported by Hill v. United States, 9 Cir., 284 F.2d 754 and Weaver v. United States, 5 Cir., 298 F.2d 496.