United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51401
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS BELLOC,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-143-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Luis Belloc appeals his jury-trial convictions on two counts of possessing with intent to distribute 50 kilograms or more, but less than 100 kilograms, of marijuana. The offenses occurred on April 16, 2004, and on May 6, 2004. The former offense involved marijuana bundles hidden in a flatbed trailer; the latter involved marijuana bundles secreted in compartments in a pickup truck driven by Belloc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Belloc argues that the evidence was insufficient to show that he knowingly possessed marijuana on either occasion.  In reviewing the sufficiency of the evidence, this court considers the evidence in the light most favorable to the verdict, drawing all reasonable inferences in support of the verdict.  United States v. Ortega-Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

After reviewing the record, we have determined that there was sufficient evidence to support Belloc's convictions.  Border Patrol agents identified Belloc as one of two persons associated with the trailer used in the April 16, 2004, offense.  Belloc's explanation that he was transporting "antiques" in a heavy trailer along a rough, unpaved portion of Texas Farm Road 2810 ("FM 2810"), which bypasses a fixed checkpoint on a paved highway, was implausible.  Belloc's story provides additional circumstantial evidence of his knowledge of the marijuana concealed in the trailer.  See United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999).

As to the May 6, 2004, offense, Belloc was identified as the driver of the truck containing secreted marijuana bundles.  Belloc's explanation that he picked up the truck at an establishment in Candelaria, Texas, and was innocently driving the vehicle along FM 2810 as a favor for a man he had met in a bar in Mexico was implausible, and Belloc's nervousness upon being stopped by Border Patrol agents is additional evidence that he had knowledge of the contraband concealed in the truck.  See

id. Considering the evidence in the light most favorable to the verdict, and drawing all reasonable inferences in support of the verdict, the evidence was sufficient to support Balloc's convictions. See Ortega-Reyna, 148 F.3d at 543.

Belloc also argues that the Government failed to establish venue for either offense. Venue need only be shown by a preponderance of the evidence. United States v. Carreon-Palacio, 267 F.3d 381, 390 (5th Cir. 2001). "Absence of direct proof of venue will not defeat conviction where inferences of venue may properly be drawn from circumstantial evidence." Weaver v. United States, 298 F.2d 496, 498 (5th Cir. 1962). Here, the testimony of Border Patrol agents established that the offenses occurred on FM 2810, and maps showed that FM 2810 was within the jurisdiction of the district court. See 28 U.S.C. § 124(d)(6). We therefore conclude that the evidence was sufficient to establish venue.

AFFIRMED.