[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 27, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10319
Non-Argument Calendar

_____

D. C. Docket No. 04-00014-CR-WCO-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTELLE TOWAYNE CONNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 27, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Martelle Towayne Conner appeals his convictions on one count of

conspiring to knowingly cause false representations to be made with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. § 371, and one count of aiding and abetting another so as to cause false representations to be made with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. §§ 924(a)(1)(A), 2. The three issues on appeal are: (1) whether the evidence was sufficient to support the government's contention that codefendant Martin was not the "transferee;" (2) whether the district court abused its discretion when it provided the jury with the government's modified charge on the law of aiding and abetting; and (3) whether the evidence was insufficient to support venue. We find no reversible error and therefore affirm.

## I.

In reviewing a conviction for sufficiency of the evidence, we examine the evidence *de novo* in the light most favorable to the government, to determine whether a rational jury could have concluded beyond a reasonable doubt that the defendant was guilty of the crimes charged. *United States v. McCrimmon*, 362 F.3d 725, 728 (11th Cir. 2004) (per curiam).

In *United States v. Nelson*, 221 F.3d 1206, 1209 (11th Cir. 2000), we held that false representations relating to information such as the identity of the actual

2

buyer of the firearm are prohibited under § 924(a)(1)(A).  The "actual buyer" for the purpose of ATF 4473 Form is the person who supplies the money for and intends to possess the firearms, not the "straw man" or agent.  *Id*. at 1210.

In this case, the following evidence produced at trial was sufficient to support the jury's verdict: (1) Conner was several months behind on his rent; (2) Conner asked codefendant Martin to purchase firearms for Conner; (3) Conner told Martin that he would provide the money to purchase the firearms; (4) Conner told Martin that he intended to sell the firearms in New York; (5) while in the shop, Conner passed money, from behind, to Martin for the firearms; (6) after Martin purchased the firearms, Conner took possession; (7) Conner knew of the firearms transaction form from his 1996 purchase of firearms; and (8) one of the firearms listed on the 1996 transaction record was recovered in New York.

Upon the basis of this evidence, a rational jury could find beyond a reasonable doubt that Conner was the actual buyer for purposes of the firearms transaction record.  Therefore, we affirm Conner's conviction for knowingly causing false representations to be made with respect to the records of a federal firearms licensee.

## II.

To properly preserve an objection to instructions charged to the jury, Federal

Rule of Criminal Procedure 30(d) requires that a party inform the trial court of the specific objection and the grounds for the objection before the jury retires to deliberate.

We review a district court's refusal to give a particular jury instruction for abuse of discretion. *United States v. Yeager*, 331 F.3d 1216, 1222 (11th Cir. 2003). The failure of a district court to give an instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. *Id*. at 1223.

Title 18 U.S.C. § 2(b) states that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." In *United States v. Walser*, 3 F.3d 380, 388 (11th Cir. 1993), we held that "[t]he standard test for determining guilt by aiding and abetting is to determine whether a substantive offense was committed by someone, whether there was an act by the defendant which contributed to and furthered the offense, and whether the defendant intended to aid its commission." (internal quotation omitted). We further stated that a defendant "may be indicted as a principal for the commission of a substantive crime and convicted upon

4

evidence that he or she aided and abetted only." *Id*. Therefore, a defendant "is criminally culpable for causing an intermediary to commit a criminal act even though the intermediary has no criminal intent and is innocent of the substantive crime." *Id*.

In *United States v. Hornaday*, 392 F.3d 1306, 1315 (11th Cir. 2004), we affirmed the conviction of a defendant where the jury was wrongly charged with Pattern Instruction No. 7 for aiding and abetting because improperly putting the § 2 liability theory before the jury was harmless error. In *Hornaday*, we applied the standard of non-constitutional error harmlessness set forth in *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946), that a non-constitutional error is harmless if, viewing the proceeding in its entirety a court determines that the error did not affect the verdict, or had a "very slight effect." *Hornaday*, 392 F.3d at 1315.

In this case, Conner properly preserved his objection to the charged jury instructions when he objected with specificity before the jury retired for deliberations. However, Conner fails to show that charging the jury with the modified version of Pattern Instruction No. 7 is reversible error under the abuse of discretion test. *See Yeager*, 331 F.3d at 1223. Here, Conner requested an instruction pertaining to aiding and abetting. Although the instruction requested

was correct, the instruction actually charged substantially covered what Conner requested. The charged instruction included language taken directly from 18 U.S.C. § 2(b) that addressed the aiding and abetting theory of the indictment.

Moreover, Conner's objection fails as to the third element of the abuse of discretion test because the instruction charged did not seriously impair Conner's ability to conduct his defense. We have held that 18 U.S.C. § 2(b) allows a defendant to be indicted as a principal for the commission of a substantive crime and be convicted upon evidence that he aided and abetted only. *See United States v. Hamblin*, 911 F.2d 551, 557-58 (11th Cir. 1990); *Walser*, 3 F.3d at 388. Thus, under §2(b) Conner may be held liable for causing Martin, the straw man, to commit a criminal act even though Martin had no criminal intent and is innocent of the substantive crime. Therefore, we discern no reversible error in the district court's use of the modified jury instruction.

## III.

Proof of jurisdiction and venue are essential elements of any crime in the sense that the burden is on the government to prove their existence. *United States v. Barnes*, 681 F.2d 717, 722 (11th Cir. 1982). Venue is proper in any district in which the offense was committed, Fed. R. Crim. P. 18; 18 U.S.C. § 3237(a), and "the offense of conspiracy is 'committed' in any district in which an overt act is

performed in furtherance of the conspiracy." *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982). The government need prove facts supporting venue only by a preponderance of the evidence. *United States v. DeLeon*, 641 F.2d 330, 336 (5th Cir. Unit A Apr. 1981).[1]

In *Weaver v. United States*, 298 F.2d 496 (5th Cir. 1962), we faced a challenge similar to the one presented in this case. First, we noted that a district court could take judicial notice of certain facts, including whether particular streets were located within a city in the lower court's judicial district, but we also observed that such an action was not required where the indictment language, opening statements, and witness testimony supported such an inference. *Id*. at 497-99. Because the events and testimony at trial in this case closely parallel those in *Weaver*, we find that *Weaver* is controlling.

Judicial notice may be taken of an adjudicative fact not reasonably disputed because it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of "accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. Title 28 U.S.C. § 90 provides that Georgia shall be divided into three judicial districts, with

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

four separate divisions comprising the Northern District. Under § 90(a)(1), the Gainesville Division includes Barrow County, where Winder is located. The provisions of § 90 are also referred to in an Appendix to the Local Rules of the Northern District of Georgia. N. D. Ga. App. A-2.

In *United States v. Benson*, 495 F.2d 475 (11th Cir. 1974), we reviewed a conviction for robbery committed within the territorial jurisdiction of the United States. At trial, evidence showed that acts were committed at Fort Rucker, in Alabama, but it did not show that the fort was within the territorial jurisdiction of the United States. *Id*. at 481. On appeal, the *Benson* panel noted that the "court will take judicial notice of the facts which vest the United States with jurisdiction," which would serve as "a valid substitute for proof." *Id*. (internal marks and quotation omitted). We find that *Benson* is directly applicable here.

In this case, the indictment read that the charged conduct took place in the Northern District of Georgia, and both counts one and two specified that certain predicate acts took place at a pawn shop located in Winder, Georgia. Testimony at trial supported a finding that the firearms were purchased and the forms completed at a pawn shop in Winder, Georgia, which is located in Barrow County in the Gainesville Division in the Northern District of Georgia. Because both *Weaver* and *Benson* reject similar challenges, and because it would be appropriate to take

judicial notice that Winder is in the Northern District of Georgia, we affirm the district court's rejection of Conner's venue challenge.

## Conclusion

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED**.